PER CURIAM.
Aaron D. Gill has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm, although not for the reason stated by the trial court.
In May 1958, Gill pled guilty to robbery, contrary to section 813.011, Florida Statutes (1957), which authorized a penalty of “imprisonment for life or for any lesser term of years at the discretion of the court.” He was sentenced to “6 months to life.” Gill filed the instant motion[1] in December 1992, alleging that he was convicted without the assistance of counsel, contrary to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (a defendant who must face felony charges in state court without the assistance of counsel guaranteed by the 6th Amendment is denied due process of law). Gill also alleged that he had been illegally sentenced for unarmed robbery to a term greater than 15 years. The trial court summarily denied the motion as unsworn.
The trial court erred in finding that Gill’s motion was not properly sworn. See R. 3.987, Fla.R.Crim.P. However, because his judgment and sentence became final prior to January 1, 1985, Gill had until January 1, 1987, in which to file a motion pursuant to the rule, unless such motion asserted: 1) an illegal sentence, or 2) a fundamental constitutional right which was not established within the [limitations] period, and has been held to apply retroactively. R. 3.850(b)(2), Fla.R.Crim.P. (emphasis supplied). Although the “fundamental constitutional right” asserted by Gill applies retroactively, State v. Glenn, 558 So.2d 4, 6 (Fla.1990), it was established in 1963, well before January 1, 1987, the end of the limitations period applicable to Gill. Therefore, as to this allegation, the motion was properly denied as untimely.
The allegation of an illegal sentence, while surviving the time limitation of the rule, is without merit. Section 813.011, Florida Statutes (1957), under which Gill was convicted, did not distinguish between armed and unarmed perpetrators. Rather, the statute provided that anyone who “by force, violence or assault or putting in fear, feloniously robs, steals, and takes away from the person or custody of another, money or other property, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.” (emphasis supplied) Therefore, Gill’s sentence of “6 months to life” was not illegal, and the motion would have been properly denied as to it as well.
The order of the trial court herein appealed is affirmed.
JOANOS, MINER and WEBSTER, JJ., concur.

. Gill signed the motion before a notary, averring that "[he] is the defendant in the above-styled cause, that he has read the foregoing motion for post conviction relief, and has personal knowledge of the facts and matters therein set forth and that each and all of these facts are true and correct." See Rule 3.987, Fla. R.Crim.P.